NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEE ROBINS, JR.,<br><br>    Plaintiff,<br><br>  v.<br><br>A.A. LAMARQUE, et al.,<br><br>    Defendants. | No. C 03-0797 JF (PR)<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS; REFERRING CASE TO PRO SE PRISONER SETTLEMENT PROGRAM; STAYING CASE<br><br>(Docket No. 30) |

Plaintiff, a California prisoner proceeding pro se, filed the instant civil rights action pursuant to 42 U.S.C. § 1983. Defendants have filed a motion to dismiss pursuant to Rules 12(b) and 12(b)(6) of the Federal Rules of Civil Procedure. See U.S.C. § 1997e(a). Although granted an opportunity to do so, Plaintiff has not filed an opposition. For the reasons described below, the motion to dismiss is granted in part and denied in part. The Court finds the surviving claims to be suitable for settlement proceedings, and refers the case to the Pro Se Prisoner Settlement Program.

**BACKGROUND**

Plaintiff alleges that on March 6, 2002, he was sexually harassed by a female prison guard, Defendant Sergeant Peralez, during a strip search. Plaintiff also alleges that on March 23, 2002, Defendants retaliated against him for submitting an administrative

grievance complaining of the harassment by assaulting him with pepper-spray and explosive grenades during a cell extraction of Plaintiff's cellmate. Plaintiff further alleges that Defendants further retaliated against him by denying him adequate cleaning products to wash pepper-spray from him and placing him in administrative segregation for an extended period of time. In addition, Plaintiff claims that Defendants did not provide him with all the procedural protections required by due process before placing him in administrative segregation. Finally, Plaintiff alleges that Defendants prevented him from practicing his Muslim faith.

After reviewing the complaint pursuant to 28 U.S.C. § 1915A, the Court found that, when liberally construed, Plaintiff's allegations state the following cognizable claims: (1) Defendants violated his Fourth Amendment rights when Sergeant Peralez sexually harassed Plaintiff and other male inmates during a strip search on March 6, 2002; (2) Defendants subjected Plaintiff to excessive force and acted maliciously and sadistically to cause Plaintiff harm in violation of the Eighth Amendment when Defendants threw explosive grenades into Plaintiff's cell and sprayed him with excessive amounts of chemicals on March 23, 2002; (3) Defendants were deliberately indifferent to Plaintiff's safety and medical needs after the March 23, 2002 incident in violation of the Eighth Amendment; (4) Defendants actions set forth above and Defendants' placing Plaintiff in administrative segregation were in retaliation for his exercise of his First Amendment right to filing administrative grievances; (5) Defendants subjected Plaintiff to unsanitary conditions in administrative segregation in violation of the Eighth Amendment; (6) Defendant's actions in placing Plaintiff in administrative segregation violated his right to due process under the Fourteenth Amendment; and (7) Defendants' actions violated The Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1, in preventing Plaintiff from practicing his Muslim faith. The Court dismissed Plaintiff's remaining claims for failure to state a cognizable grounds for relief.

Defendants make the following arguments in their motion to dismiss: (1) Plaintiff has failed to exhaust his fifth, sixth, seventh and a portion of his fourth claims, as

described above; (2) Plaintiff has failed to adequately allege liability of three supervisorial Defendants; (3) Defendants are entitled to qualified immunity; and (4) Plaintiff is not entitled to punitive damages.[1]

**DISCUSSION**

A.  Exhaustion

    1.  Standard of Review

Nonexhaustion under 42 U.S.C. § 1997e(a) is an affirmative defense; defendants have the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). A nonexhaustion claim should be raised in an unenumerated Rule 12(b) motion rather than in a motion for summary judgment. Id. In deciding a motion to dismiss for failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact. Id. at 1119-20.[2] If the court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal without prejudice. Id. at 1120.

    2.  Exhaustion Requirement

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement applies equally to prisoners held in private or government facilities. See Roles v. Maddox, 439 F.3d 1016, 1017-18 (9th Cir. 2006). Exhaustion is mandatory and no longer left to the discretion of the district court. Woodford v. Ngo,

---

[1] Because the Court concludes, below, that the seventh (RLUIPA) claim must be dismissed for failure to exhaust, the Court does not reach Defendants' alternative argument that the claim should be dismissed for failure to state a cognizable claim for relief.

[1] If the court looks beyond the pleadings in deciding an unenumerated motion to dismiss for failure to exhaust -- a procedure closely analogous to summary judgment -- the court must give the prisoner fair notice of his opportunity to develop a record. Wyatt, 315 F.3d at 1120 n.14. Plaintiff was given such notice in the order of service.

126 S. Ct. 2378, 2382 (2006) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)). "Prisoners must now exhaust all 'available' remedies, not just those that meet federal standards." Id. Even when the relief sought cannot be granted by the administrative process, *i.e.*, monetary damages, a prisoner must still exhaust administrative remedies. Id. at 2382-83 (citing Booth, 532 U.S. at 734).

Administrative remedies are not exhausted where the grievance, liberally construed, does not have the same subject and same request for relief. See O'Guinn v. Lovelock Correctional Center, 502 F.3d 1056, 1062-63 (9th Cir. 2007) (even with liberal construction, grievance requesting a lower bunk due to poor balance resulting from a previous brain injury was not equivalent to, and therefore did not exhaust administrative remedies for, claims of denial of mental health treatment in violation of the ADA and Rehabilitation Act).

The State of California provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). It also provides its inmates the right to file administrative appeals alleging misconduct by correctional officers. See id. § 3084.1(e). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections and Rehabilitation. Id. § 3084.5; Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). This satisfies the administrative remedies exhaustion requirement under § 1997e(a). Id. at 1237-38. A prisoner need not proceed further and also exhaust state judicial remedies. Jenkins v. Morton, 148 F.3d 257, 259-60 (3d Cir. 1998).

3.    Analysis

Defendants argue that Plaintiff has failed to exhaust the following claims for relief: (1) the portion of his retaliation claim that alleges that Defendants placed him in

administrative segregation in retaliation for filing a prison grievance;[3] (2) Defendants subjected Plaintiff to unsanitary conditions in administrative segregation; (3) Defendants' placed him in administrative segregation without due process; and (4) Defendants' violated RLUIPA by preventing Plaintiff from practicing his Muslim faith.

Plaintiff's complaint alleges that he exhausted his claims in three administrative grievances, numbered SVSP-02-01145, SVSP-02-01371, and SVSP-02-02218.[4] Defendants do not argue that Plaintiff failed to exhaust SVSP-02-01145 and SVSP-02-01371. Those grievances did not raise Plaintiff's administrative segregation and RLUIPA claims, however, and consequently do not exhaust such claims. See O'Guinn, 502 F.3d at 1062-63. The administrative segregation claims were raised only in SVSP-02-02218. Defendants have submitted the Declaration of E. Medina, an Appeals Coordinator at SVSP, indicating that SVSP-02-02218 was never presented to the Director's level of review (Medina Decl., Ex. A at AG-003), and Plaintiff has no offered no evidence to the contrary. As there is uncontradicted evidence that Plaintiff never presented this grievance to the final level of administrative review, Plaintiff's administrative segregation claims raised therein have not been exhausted. The evidence is also uncontradicted that Plaintiff RLUIPA claim was not raised in any of the grievances, SVSP-02-01145, SVSP-02-01371, or SVSP-02-02218. (Id. Ex. B at AG-001.) Consequently, Plaintiff's RLUIPA claim is also unexhausted.

Plaintiff has failed to present to the highest available level of administrative review his claims that Defendants placed him in administrative segregation in retaliation for filing grievances, that such placement violated his right to due process, that he was

---

[3] Defendants do not argue that Plaintiff has failed to exhaust the other half of his retaliation claim, namely that the March 23, 2002 incident was retaliation for Plaintiff's filing of grievances.

[4] Plaintiff does not assert that he filed any other administrative grievances. To the extent he may have since filed any further grievances since the filing of this action, such grievances would not satisfy the exhaustion requirement, which requires Plaintiff to exhaust his administrative remedies *before* filing suit. McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002).

exposed to unsanitary conditions in administrative segregation, and that Defendants violated his rights under RLUIPA. Consequently, these claims must be dismissed for failure to exhaust all available administrative remedies.

B. <u>Failure to State a Claim Upon Which Relief May Be Granted</u>

    1. <u>Standard of Review</u>

A case should be dismissed under Rule 12(b)(6) if it fails to state a claim upon which relief can be granted. <u>Parks School of Business, Inc., v. Symington</u>, 51 F.3d 1480, 1483 (9th Cir. 1995). Dismissal for failure to state a claim is a ruling on a question of law. <u>Id.</u> "The issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." <u>Usher v. City of Los Angeles</u>, 828 F.2d 556, 561 (9th Cir. 1987). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A motion to dismiss should be granted if the complaint does not proffer "enough facts to state a claim for relief that is plausible on its face." <u>Id</u>. at 1974. A <u>pro se</u> pleading must be liberally construed, and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." <u>Id.</u>.

Review is limited to the contents of the complaint, <u>Clegg v. Cult Awareness Network</u>, 18 F.3d 752, 754-55 (9th Cir. 1994), including documents physically attached to the complaint or documents the complaint necessarily relies on and whose authenticity is not contested. <u>Lee v. County of Los Angeles</u>, 250 F.3d 668, 688 (9th Cir. 2001). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the non-moving party. <u>Symington</u>, 51 F.3d at 1484. "Conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim." <u>McGlinchy v. Shell Chemical Co.</u>, 845 F.2d 802, 810 (9th Cir. 1988).

### 2. Supervisor Defendants

Defendants argue that Plaintiff's allegations fail to establish the liability of three supervisor Defendants: Warden Lamarque, Chief Deputy Warden Calderon, and Captain Allison. Liability may be imposed on an individual defendant under § 1983 only if the Plaintiff can show that the Defendant proximately caused the deprivation of a federally protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). A supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc). A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Under no circumstances is there respondeat superior liability under section 1983. Id.

Plaintiff simply includes Lamarque in a long list of Defendants, but the complaint does not allege any specific conduct by him, let that he was personally involved in, or caused, any of the alleged constitutional violations. With respect to Defendants Calderon and Allison, Plaintiff simply alleges that they ordered the March 6, 2002, strip search of him and other inmates. Plaintiff claims that Defendant Peralez sexually harassed him during that search, but he does not allege that the search itself was unlawful. Plaintiff also does not allege that Calderon and Allison ordered Peralez to sexually harass him during the search, or that they knew or had any reason to know that she would do so. Consequently, Plaintiff's allegations, even liberally construing them in Plaintiff's favor and assuming them to be true, do not establish that Calderon or Allison were personally involved in the alleged constitutional violations, or that their conduct as supervisors in ordering the search proximately caused the alleged sexual harassment by Peralez. Accordingly, Plaintiff's claims against Defendants Lamarque, Allison and Calderon will be dismissed for failure to state a cognizable claim for relief.

### 3. Qualified Immunity

Defendants also make a cursory argument that they are entitled to qualified immunity on Plaintiff's surviving claims. The threshold question is whether, taken in the light most favorable to the party asserting the injury, the facts alleged show the officer's conduct violated a constitutional right. Saucier v. Katz, 533 U.S. 194, 201 (2001). If a violation could be made out on the allegations, the next sequential step is to ask whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. Id. at 202. If the law did not put the officer on notice that his conduct would be clearly unlawful, qualified immunity is appropriate. Id.

Liberally construing all of the allegations as true and viewing them in a light most favorable to Plaintiff, as the Court must do at this stage, Plaintiff's allegations of sexual harassment, excessive force, deliberate indifference to safety and medical needs, and retaliation plainly amount to violations of his constitutional rights. The Court has already made such a determination in the order of service, and Defendants do not offer any authority to the contrary. Defendants simply argue that there is no constitutional violation because they have "investigated Plaintiff's alleged issues and addressed Plaintiff's assertions." (Mot. To Dismiss at 17.) Defendants' investigation into Plaintiff's claims after the alleged events plainly does not preclude their having violated his constitutional rights during the course of the events themselves. Defendants also do not describe in any way how they have "addressed" Plaintiff's claims.

Defendants argue, also in conclusory fashion, that they "reasonably believed" at the time that their conduct was lawful. (Id.) Defendants provide no authority to support the proposition that they could reasonably believe that sexual harassment of inmates was permissible, or that it was lawful to apply excessive pepper-spray on an inmate, throw explosive grenades into his cell because his cellmate was uncooperative, fail to provide him with materials for cleaning up the chemicals afterwards, and do all of this to retaliate against Plaintiff for filing grievances against him. Defendants could not reasonably have held such beliefs at the time of the alleged incidents in 2002. See e.g. Hudson v.

McMillian, 503 U.S. 1, 6 (1992) (excessive force against prisoners violates the Eighth Amendment); Frost v. Agnos, 152 F.3d 1124, 1128-29 (9th Cir. 1998) (Eighth Amendment prohibits deliberate indifference to unsafe conditions in prison); Schroeder v. McDonald, 55 F.3d 454, 461 (9th Cir. 1995) (prisoners may not be retaliated against for exercising their right of access to the courts); Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995) (right of access to courts extends to filing of grievances); Jordan v. Gardner, 986 F.2d 1521, 1525-31 (9th Cir. 1993) (en banc) (sexual harassment of male inmate by female guard during strip search amounts to Eighth Amendment violation).

Accordingly, Defendants' motion to dismiss Plaintiff's claims on the basis of qualified immunity is denied.

### 4. Punitive Damages

Defendants make a conclusory argument that Plaintiff has failed to sufficiently allege a basis for punitive damages. Punitive damages may only be awarded against Defendants if Plaintiff establishes that they had an evil motive or intent, or that their actions involved a reckless or callous indifference to Plaintiff's constitutional rights. See Dang v. Cross, 422 F.3d 800, 807 (9th Cir. 2005). The Court has already found in its order of service that Plaintiff's allegations, when liberally construed, sufficiently allege that Defendants' actions involved a reckless or callous indifference to one or more of his constitutional rights. Defendants submit no authority to undermine such a finding. Accordingly, Defendants' motion to dismiss Plaintiff's punitive damages claim is denied.

C.  Settlement Proceedings

The Northern District of California has established a Pro Se Prisoner Settlement Program. Certain prisoner civil rights cases may be referred to a neutral magistrate judge for prisoner settlement proceedings. The proceedings will consist of one or more conferences as determined by Magistrate Judge Nandor Vadas.

The claims that have survived Defendants' motion to dismiss, and now remain in this action are: (1) Defendants violated his Fourth Amendment rights when Sergeant Peralez sexually harassed Plaintiff; (2) Defendants subjected Plaintiff to excessive force

and acted maliciously and sadistically to cause Plaintiff harm in violation of the Eighth Amendment; (3) Defendants were deliberately indifferent to Plaintiff's safety and medical needs in violation of the Eighth Amendment; (4) Defendants actions set forth above were retaliation for his exercise of his First Amendment rights.  The court finds good cause to refer this matter to Magistrate Judge Vadas pursuant to the Pro Se Prisoner Settlement Program for settlement proceedings on these surviving claims.

## CONCLUSION

1. For the foregoing reasons, Defendants' motion to dismiss (Docket No. 30) is GRANTED IN PART AND DENIED IN PART.  The following claims are DISMISSED without prejudice to refiling after Plaintiff has exhausted them through all available administrative remedies: (1) Defendants retaliated against for his exercise of his First Amendment right to filing prison grievances by placing him in administrative segregation; (2) Defendants subjected Plaintiff to unsanitary conditions in administrative segregation in violation of the Eighth Amendment; (3) Defendants violated Plaintiff's right to due process by placing him in administrative segregation; and (4)  Defendants violated Plaintiff's rights under RLUIPA.

2. All of Plaintiff's claims against Defendants Lamarque, Allison and Calderon are DISMISSED for failure to state a cognizable claim for relief.

3. The instant case is REFERRED to Magistrate Judge Vadas pursuant to the Pro Se Prisoner Settlement Program for settlement proceedings on the remaining claims in this action, as described above.  The proceedings shall take place **within ninety (90) days** of the date of this order.  Magistrate Judge Vadas shall coordinate a time and date for a settlement conference with all interested parties or their representatives and, **within ten (10) days** after the conclusion of the settlement proceedings, file with the court a report regarding the prisoner settlement proceedings

4. The clerk of court shall mail a copy of the court file, including a copy of this order, to Magistrate Judge Vadas in Eureka, California.

5. The instant case is STAYED pending the settlement conference

proceedings.

6.  It is plaintiff's responsibility to prosecute this case. All communications by the plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendant or defendants' counsel. Plaintiff must keep the court and the parties informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

This order terminates Docket No. 30.

IT IS SO ORDERED.

DATED: 8/22/08

JEREMY FOGEL
United States District Judge