NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEE ROBINS, JR., ) | No. C 03-00797 JF (PR) |
| ) | |
| Plaintiff, ) | ORDER REOPENING ACTION AND |
| ) | LIFTING STAY; DIRECTING |
| v. ) | DEFENDANTS TO FILE |
| ) | DISPOSITIVE MOTION OR NOTICE |
| ) | REGARDING SUCH MOTION |
| A. HEDGPETH, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff, proceeding pro se, filed the instant civil rights action pursuant to 42 U.S.C. § 1983. The Court partially granted Defendants' motion to dismiss the complaint pursuant to Rules 12(b) and 12(b)(6) of the Federal Rules of Civil Procedure, and dismissed some of the claims therein. On September 2, 2008, the case was referred to the Pro Se Prisoner Settlement Program to attempt to settle the surviving claims, and the case was stayed. (Docket No. 34.)

On April 22, 2009, the Honorable Judge Nandor J. Vadas notified the Court that the parties were unable to reach an agreement. (Docket No. 42.) Accordingly, the Court orders the case reopened, the stay lifted, and Defendants to file a dispositive motion or notice regarding such motion with respect to the following cognizable claims that

Order Reopening Action; Directing Ds to File Disp. Motion
P:\PRO-SE\SJ.JF\CR.03\Robins797_liftstay-sched.wpd

1

survived Defendants' motion to dismiss: (1) Defendants violated his Fourth Amendment rights when Sergeant Peralez sexually harassed Plaintiff; (2) Defendants subjected Plaintiff to excessive force and acted maliciously and sadistically to cause Plaintiff harm in violation of the Eighth Amendment; (3) Defendants were deliberately indifferent to Plaintiff's safety and medical needs in violation of the Eighth Amendment; (4) Defendants actions set forth above were retaliation for his exercise of his First Amendment rights.

**CONCLUSION**

1. The clerk shall reopen this case. The stay is LIFTED.

2. No later than **sixty (60) days** from the date of this order, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

 a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.**

3. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **thirty (30) days** from the date Defendants' motion is filed.

 a. In the event the Defendants file an unenumerated motion to dismiss under Rule 12(b), Plaintiff is hereby cautioned as follows:[1]

 The defendants have made a motion to dismiss pursuant to Rule

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

> 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

b.   In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to Plaintiff:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

4. Defendants <u>shall</u> file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

5. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

6. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

7. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

8. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

9. Extensions of time are not favored, though reasonable extensions will be granted. However, the party making the motion for an extension of time is not relieved from his or her duty to comply with the deadlines set by the Court merely by having made a motion for an extension of time. The party making the motion must still meet the deadlines set by the Court until an order addressing the motion for an extension of time is received. Any motion for an extension of time must be filed no later than the deadline sought to be extended.

IT IS SO ORDERED.

DATED: 5/26/09

JEREMY FOGEL
United States District Judge

Order Reopening Action; Directing Ds to File Disp. Motion
P:\PRO-SE\SJ.JF\CR.03\Robins797_liftstay-sched.wpd

4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ROBERT LEE ROBINS,

        Plaintiff,

  v.

A. HEDGPETH, et al.,

        Defendants.

Case Number: CV03-00797 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on   6/1/09  , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Robert Lee Robins
42837 Alep Street
Lancaster, CA 93536

Dated:   6/1/09

                                Richard W. Wieking, Clerk